FILED

MAR 16 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAJA AFTAB AKBAR,

          Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 06-72123

Agency No. A075-306-278

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 16, 2011
San Francisco, California

Before: SCHROEDER and THOMAS, Circuit Judges, and CONTI, District
Judge.[**]

    Raja Aftab Akbar, a native and citizen of Pakistan, petitions for review of a

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

Immigration Judge's ("IJ") decision denying his application for asylum,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Samuel Conti, District Judge for the United States
District Court for the Northern District of California, sitting by designation.

withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ found Petitioner not to be credible and the BIA adopted its decision, also noting some of the inconsistencies, and concluding there was no "plausible and coherent" basis for his claim. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition for review.

The record reflects many discrepancies between the objective evidence and Akbar's testimony regarding the political situation in Pakistan between 1993 and 1996 that support the IJ's adverse credibility determination. *Cf. Duarte de Guinac v. INS*, 179 F.3d 1156, 1162 (9th Cir. 1999) (finding testimony credible when it is consistent with the objective documentary evidence). The BIA noted discrepancies were among the "constellation of problems" described by the IJ and not adequately addressed in the administrative appeal. The BIA additionally pointed to Akbar's inadequate and non-responsive explanation of non-corroborating affidavits. *See Singh v. Ashcroft*, 301 F.3d 1109, 1114 (9th Cir. 2002). The inconsistencies, inadequacies, and historical discrepancies support the BIA's decision. The evidence does not compel a contrary result. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). Thus, Akbar's asylum and withholding of removal claims fail. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995) ("[F]ailure to satisfy the lesser standard of proof

2

required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well.").

Because Akbar's CAT claim is based on the same evidence, his CAT claim also fails. *See Farah*, 348 F.3d at 1156–57. Akbar's contention that the IJ failed to consider whether the country conditions report supported his CAT claim was not presented to the BIA and is therefore unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Petition for review **DENIED.**